# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, | Case No. 1:20-cv-00805-DAD-BAM |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| EQUIFAX, INC., et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE |
| Defendants. | (Doc. Nos. 1, 3) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding *pro se*, filed this civil action on June 8, 2020. (Doc. No. 1.) Concurrent with her complaint, Plaintiff filed an application to proceed without payment of fees. (Doc. No. 3.) Currently before the Court is both Plaintiff's application to proceed *in forma pauperis* and her complaint for screening.

**I.     Application to Proceed *In Forma Pauperis***

Plaintiff has requested leave to proceed *in forma pauperis* pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed *in forma pauperis* is GRANTED. 28 U.S.C. § 1915(a).

**II.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III.   Background

Plaintiff brings this credit reporting case under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §§ 1681, *et seq.*, against the following defendants: (1) TransUnion; (2) Experian Information Solutions, Inc.; and (3) Equifax, Inc.  Plaintiff also asserts state law causes of action for "loss of opportunity," defamation and negligence.  (Doc. No. 1, Compl.)  In relevant part, Plaintiff alleges as follows:

> On or about December 2016 Plaintiff discovered that Defendant is reporting a collection accounts that should not be reported.  On or about December 2016 contacted all three Credit Borough Disputing the accounts that do not belong to him.  All three Credit Boroughs filed a dispute with Credit Furnishers and received a response that the account belongs to Plaintiff.  All three credit Borough directed Plaintiff to contact Credit Furnishers and a file a dispute with them.  Credit Furnishers claim that it conduct an investigation and verified that the account belong to Plaintiff.  Defendant never shared the result of the investigation how it came to that conclusions.  Defendant never requested information or shared any information.  Plaintiff called defendants several time inquiring about the account how and when this account was established.

(Compl. at ¶ 4) (unedited text).  Plaintiff also alleges that Defendants "failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report," Defendants' conduct was willful, and Defendants reported information without notice that such information was disputed.  (*Id.* at ¶¶ 17, 18.)

Plaintiff further alleges as follows:

> Defendants negative reporting to the credit reporting agencies, the fact that Plaintiff was severely delinquent in paying on his account and had an outstanding balance. The defendants published this information in writing in their reports and the public. Defendants knew the statements were false when made or had no factual basis for making the statements.

(Compl. at ¶ 20.)  Plaintiff avers that Defendants intentionally reported false information.  (*Id.* at ¶ 21.)

This is Plaintiff's second attempt to challenge her credit reporting.  Plaintiff filed her first action in Fresno County Superior Court on January 31, 2017.  The matter was removed to this Court on March 17, 2017, *Purnell v. Trans Union LLC, et al.*, No. 1:17-cv-00393-DAD-EPG (hereinafter "*Purnell I*").  In *Purnell I,* Plaintiff alleged the same violations of FCRA and state law claims against the same defendants.  (*See Purnell I*, Doc. Nos. 1-3 [Complaint], 12-3.)  The court dismissed Plaintiff's action without prejudice on August 25, 2017, based on Plaintiff's failure to prosecute the action, failure to appear at a court ordered scheduling conference, and failure to comply with the court's orders, and judgment was entered.  (*See Purnell I*, Doc. Nos. 24, 25.)

Approximately two- and one-half years later, on February 7, 2020, Plaintiff sought relief from the entry of judgment in *Purnell I*.  Plaintiff based her motion upon an assertion that she was not able effectively prosecute the action due to severe mental illness.  (*See Purnell I*, Doc. No. 26.)  On March 31, 2020, the court denied Plaintiff's motion for relief, finding that Plaintiff presented no evidence establishing that she was severely mentally ill in the summer of 2017, when the court dismissed the action, or during any other time while the case was open and pending.  (*Id.* at Doc. No. 27, pp. 2-3.)  The court also noted that the action had been dismissed without prejudice, meaning that she was free to file another action alleging the same claims against the same defendants, so long as such claims were not otherwise barred.  (*Id.* at p. 3.)

On June 8, 2020, Plaintiff filed the instant action also challenging her credit reporting. (*See generally* Compl.) Plaintiff essentially re-filed the original complaint from *Purnell I*, with minor exceptions and additional attachments. Indeed, the complaint in this action retains the jurisdiction and venue allegations for the Fresno County Superior Court. (Compl. at ¶ 2.) It also contains, albeit partially redacted, the CM/ECF header for *Purnell I,* identifying it as "Document 1-3" -- the removed complaint -- in that action.

### IV. Discussion

For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice.

#### A. Defendant Trans Union

In *Purnell I,* Plaintiff's claims against Defendant Trans Union LLC were dismissed with prejudice pursuant to stipulation. (*See Purnell I*, Doc. No. 18.) "A stipulated dismissal of an action with prejudice in a federal district court constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court." *Cejas v. Brown*, No. 18-cv-00543-WQH (JLB), 2019 WL 201406, at *5 (S.D. Cal. Jan. 15, 2019). Plaintiff therefore may not reassert her claims against Defendant Trans Union LLC in this action.

#### B. FCRA Claim

As to her FCRA claim against the remaining defendants, such a claim appears to be time barred and should be dismissed with prejudice. A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1024–27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond

doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Under 15 U.S.C. § 1681p, a plaintiff can bring an action for an FCRA violation "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs," whichever occurs first. 15 U.S.C. § 1681p.

Here, Plaintiff's complaint alleges that "[o]n or about December 2016 Plaintiff discovered that Defendant is reporting a collection accounts that should not be reported." (Doc. No. 1 at ¶ 4.) Plaintiff further alleges that "[o]n or about December 2016 [Plaintiff] contacted all three Credit Borough [sic] Disputing the account that do not belong to him." (*Id.*) Accepting the allegations of her complaint as true, Plaintiff was aware of her claims against Defendants as early as December 2016, which was more than three years prior to instituting this action on June 8, 2020.[1] Plaintiff's FCRA claims are therefore time barred.

### C. State Law Claims

As to Plaintiff's state common law claims for "loss of opportunity," negligence and defamation, those claims are preempted by FCRA or otherwise time barred.

The FCRA includes two preemption sections, a general preemption provision found at 15. U.S.C. § 1681t(b)(F) and a more specific provision at 15 U.S.C. § 1681h(e). 15 U.S.C. § 1681h(e), which has been applied to entities such as those named here, states in relevant part:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

---

[1] Even if the Court were to accept that Plaintiff was unaware of her claims until the filing of her original action in state court on January 31, 2017, such filing was more than two years before she filed the instant action in June 2020. (*See Purnell I*, Doc. No. 1-3, Complaint)

15 U.S.C. § 1681h(e) (emphasis added).

District courts have found that 15 U.S.C. § 1681h(e) preempts state common law causes of action against consumer reporting agencies unless the plaintiff can show that the agencies acted with "malice" or a "willful intent to injure." *See Meza v. Experian Info. Sols., Inc.*, No. 1:19-CV-01303-AWI-SKO, 2019 WL 6840390, at *8–9 (E.D. Cal. Dec. 16, 2019) (citing cases and applying FCRA preemption to state common law causes of action against Equifax where court unable to infer malice or a willful intent to injure from plaintiff's generalized and conclusory allegations); *Meza v. Experian Info. Sols., Inc.*, No. 1:19-CV-01303-AWI-SKO, 2020 WL 1244744, at *2 (E.D. Cal. Mar. 16, 2020) (finding claims under California law against Transunion and Experian, including purported claims for loss of opportunity, defamation and negligence preempted by the FCRA because plaintiff had failed to allege facts showing "malice" or "willful intent to injure"); *see also Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1176 (D. Haw. 2003) (finding that under § 1681h(e), negligence claims against Trans Union would be preempted unless plaintiff alleges that Trans Union furnished false information with malice or willful intent to injure plaintiff); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir.1992) (finding that 15 U.S.C. § 1681h(e) preempts "state common law defamation claims").

Here, the Court is persuaded that Plaintiff's common law causes of action are preempted under the FCRA because Plaintiff's allegations do not demonstrate or otherwise suggest that any of the defendants acted with malice or a willful intent to injure.  Although Plaintiff asserts that the conduct was willful and malicious, Plaintiff's allegations are conclusory at best and insufficient to support a claim.

Moreover, even if Plaintiff's state law claims were not preempted by FCRA, they are time barred.  In particular, Plaintiff's state law claims for negligence and defamation are subject to one to two-year statutes of limitations.  *See* Cal. Code Civ. Proc. § 340(c) (one-year statute of limitations for defamation); Cal. Code Civ. Proc. §§ 335.1, 339(1) (two-year statute of limitations for negligence).  As with the FCRA claim, Plaintiff filed the instant action more than two years after discovering any claims for negligence or defamation in December 2016.  Assuming

6

*arguendo* that Plaintiff did not discover any such purported claims until shortly before the filing of the original state court action in January 2017, the instant action was filed well over two years after that time.

As to Plaintiff's asserted claim for "loss of opportunity," there is no apparent cause of action. *See Ali v. Humana, Inc.,* No. 1:12-CV-00509-AWI-GSA, 2012 WL 3260466, at *5 (E.D. Cal. Aug. 8, 2012) (noting that research revealed no authority to suggest "loss of opportunity" was a recognized cause of action in California). To the extent Plaintiff intends to allege intentional interference with prospective economic advantage, such a claim also is time barred. The statute of limitations in California for intentional interference with prospective economic advantage is two years. *Wild Rivers Waterpark Mgmt. LLC v. Katy WP Grp., LLC*, No. 2:18-cv-06522, 2019 WL 6998669, at *8 (C.D. Cal. Feb. 26, 2019); Cal. Code Civ. P. § 339(1). Again, Plaintiff filed the instant action more than two years after discovering any such claim in December 2016 or upon the filing of her state court action in January 2017.

### D.  Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### V.  Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

7

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2020**                    /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE